**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES A. MITCHEM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL RECOVERY SOLUTIONS, LLC, | ) |
| and DOE 1, | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, James A. Mitchem ("Plaintiff"), brings this action against Defendant National Recovery Solutions LLC, ("Defendant") for its conduct that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA") and the Illinois Collection Agency Act ("ICAA") 225 ILCS 425/1 *et seq*.

2. The FDCPA broadly prohibits abusive, unfair or unconscionable collection methods.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. §1692k (FDCPA). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 (Supplemental Jurisdiction) as they arise out of a common nucleus of operative facts.

4. Venue and personal jurisdiction over Defendant in this District is proper because:

   a. Plaintiff resides in the District;

1

   b. Defendant transacts business in the District via the telephone lines and mails; and

   c. Defendant's collection activities occurred within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. National Recovery Solutions LLC, is a New York Limited Liability Company with its offices located at Bewley Building, Market Street, Ste. 500, Lockport, NY 14094. Its registered agent and its address in Illinois is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. National Recovery Solutions LLC is engaged in the practice of attempting to collect debts that are in default through telephone phone calls and the mails.

8. National Recovery Solutions LLC purchases consumer debts that are in default at the time of its purchase. http://24-5.com/nrs/about.html; http://24-5.com/nrs/services.html.

9. National Recovery Solutions LLC is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

10. If National Recovery Solutions LLC does not own the debt it was attempting to collect from Plaintiff, then Doe 1 is a debt buyer who purchased the debt upon which National Recovery Solutions LLC was attempting to collect when the debt was in default.

11. If National Recovery Solutions LLC, and/or Doe 1 is determined to have a viable net worth, then Plaintiff places National Recovery Solutions LLC, and/or Doe 1 and potential putative class members on notice and expressly reserves for the purpose of relation back to the original date of the filing of the Complaint to add class allegations

based on the form letter Plaintiff received of which a redacted copy is attached hereto as <u>Exhibit A</u>. *See generally Sokolski v. TransUnion Corp.*, 178 F.R.D. 393 (E.D.N.Y. 1998); *Navarro v Eskanos & Adler,* No. C 06-02231 WHA, 2006 U.S. Dist. LEXIS 90880 * 9 – 10 (N.D. Cal. Dec. 7, 2006).

**FACTS**

12.    Plaintiff's work voice mail contains, in part, the following notice, "Please be advised that if you are calling concerning a non-[employer] related matter [Plaintiff's employer] prohibits employees from receiving such calls."

13.    On or about, Monday January 25, 2010, at approximately 2:34 p.m., Defendant left the following voice message on Plaintiff's work phone to the effect: James Mitchem this is Shaun Hackett (phon.). Sir I am calling you regarding claim number 217324. Ah, this mater was forwarded into my office. Ah we had some questions for you regarding a [consumer goods] both registered under your name. I need to speak to you on this matter as soon as possible if you wish to resolve this voluntarily. I will be here until nine o'clock Eastern. The number is 866-421-2969 ext. 126. The claim number of I am calling is again 217324.

14.    866-421-2969 is a telephone number operated by Defendant.

15.    Defendant called Plaintiff's phone in which he can be reached at his abode and left a message to the effect: James Mitchem this is Sean Hacket (Phonetic) (hereinafter "Mr. Hacket") I am calling you back regarding case number 217324. Sir this was forward into my office by Chase Bank. My client does intend to proceed against if we cannot obtain your cooperation in resolving this matter. We do have you scheduled for verification of employment. My client is running a background check and we are finding that you are

eligible to have this forwarded out for judgment. If you wish to work this out voluntarily, I will be in my office [ ] between the hours of twelve and one, but I will be back in the office between the hours of one and five. The number here is 866-421-2969 ext. 126. Again the case number I am calling in reference to is 217324. I will be in the office again until five o'clock Eastern. You can also use my direct line 716-478-0826. Thank you.

16. On February 1, 2010, Mr. Hacket (Phon.) called Plaintiff's work number and when Plaintiff stated to Mr. Hacket that he was someone else other than Plaintiff, and thereafter Mr. Hacket requested to be transferred to an employee at Plaintiff's place of employment who works in the payroll department.

17. Mr. Hacket again called Plaintiff at his place of work and Plaintiff recognizing his voice hung up on Mr. Hacket.

18. On February 1, 2010 at 4:02 p.m., an employee from the payroll department of Plaintiff's employer sent Plaintiff the following message, "Mr. Mitchem[:] I just received a phone call from Mr. Sean Hackett with National Recovery Solutions he would like for you to call him at (866) 421-2969, extension 126."

19. On information and belief, a Mr. Hackett employed by Defendant left a message with an employee of Plaintiff's employer's payroll department that he would like for Plaintiff to call him at (866) 421-2969, extension 126

20. The letter sent to Plaintiff, the messages left for Plaintiff and the communications with his employer were an attempt to collect a purported debt incurred for personal, family, or household purposes.

4

21. Plaintiff has suffered increased stress, anxiety, and great aggravation as a proximate cause from Defendant's conduct that has manifested itself into additional aggravation of his preexisting medical condition.

## COUNT I
## FDCPA § 1692c VIOLATIONS
## CONTINUED CALLS TO PLAINTIFF'S PALCE OF WORK

22. Plaintiff incorporates paragraphs 1-21 above.

23. 15 U.S.C. §1692c(a)(3) provides

> (a) Communication with the consumer generally
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

24. 15 U.S.C. §1692c(b) provides:

> (b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

25. An exception exits for obtaining "locator information" defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment."

26. The FDCPA does not permit any attempt to obtain "location information" if the debt collector already has the items of information identified by the statute as "location information." The Federal Trade Commission has stated:

5

> 2. *Location information.* Although a debt collector's search for information concerning the consumer's location (provided in §804) is expressly excepted from the ban on third party contacts, **a debt collector may not call third parties under the pretense of gaining information already in his possession.**

FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50105 (Dec. 13, 1998) (emphasis added).

27. Defendant contacting Plaintiff's place of employment and speaking with the payroll department in conjunction with collecting on Plaintiff's debt when they already knew Plaintiff's "place of abode and his telephone number at such place" was done solely for the purpose to harass Plaintiff.

28. Plaintiff's work answering message, which was played prior to Mr. Hacket leaving his February 1, 2010 message on Plaintiff's work voice message system clearly informed Mr. Hacket that Plaintiff's employer prohibited all non-employment related phone calls.

29. Plaintiff has suffered actual damages in the form of harassment and aggravation, embarrassment, distress and an invasion of privacy and seclusion from Defendant's conduct.

30. Defendant's conduct violated 15 U.S.C. §§ 1692c(a)(3) and 1692c(b).

## COUNT II
## FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS
## VOICE MESSAGES

31. Plaintiff incorporates paragraphs 1-21 above.

32. 15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

33. 15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

34. Each of Defendant's voice messages to Plaintiff was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

35. Each of Defendant's voice messages to Plaintiff above did not make a meaningful disclosure of the caller's identity.

36. Each of Defendant's voice messages to Plaintiff above did not disclose that the communication was from a debt collector.

37. Each of Defendant's voice messages to Plaintiff above violated 15 U.S.C. §1692d(6).

38. Each of Defendant's voice messages to Plaintiff above violated 15 U.S.C. § 1692e(11).

## COUNT III
## FDCPA § 1692e(5) and § 1692e(10) VIOLATIONS
## LETTER VIOLATION

39. Plaintiff incorporates paragraphs 1-21 above.

40. Defendant sent Plaintiff the form letter a redacted copy of the front and back side is attached hereto as <u>Exhibit A</u>.

41. Prior to this lawsuit Defendant was placed on actual notice that the back side of form of the letter (the "Privacy Notice") sent to Plaintiff violated the FDCPA in that it constitutes both an illegal threat to disclose Plaintiff's public information as part of an attempt to collect a debt and therefore a false representation of Defendant's legal rights. *Smith v. National Recovery Solutions, LLC*, 2:09-cv-07398-GAF-DTB, Dkt. 1, Complaint (C.D. Cal. Oct. 13, 2009).

42. Furthermore, prior to the sending of the form letter to Plaintiff the Seventh Circuit in *Ruth v. Triumph P'Ships*, 577 F.3d 790 (7th Cir. 2009), ruled that similar language as contained in the Privacy Notice here violates the FDCPA.

43. The letter <u>Exhibit A</u>'s Privacy Notice amounts to a "threat to take . . . action that cannot legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5), and that it is also "a false representation or deceptive means to collect or attempt to collect [a] debt" in violation of 15 U.S.C. § 1692e(10).

## COUNT IV
## ILLINOIS COLLECTION AGENCY ACT VIOLATIONS

44. Plaintiff incorporates paragraphs 1-21 above.

45. Under Illinois Law the definition of "collection agency" is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2.

8

46. Defendant is a collection agency under Illinois Law.

47. A private right of action exists for violation of the ICAA including punitive damages. *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D. Ill. 2009); *Thomas v. Arrow Fin. Servs., LLC*, No. 05 C 5699, 2006 U.S. Dist. LEXIS 63156, 2006 WL 2438346 (N.D. Ill. Aug. 17, 2006); *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

48. Defendant violated the following provisions of 225 ILCS 425/9:

> (14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order.
>
> (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use.

49. 225 ILCS 425/9.1 provides:

> Communication with persons other than debtor. Any debt collector or collection agency communicating with any person other than the debtor for the purpose of acquiring location information about the debtor shall:
>
>> (1) identify himself or herself, state that he or she is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his or her employer;

50. 225 ILCS 425/9.2 provides in pertinent part:

> Communication in connection with debt collection.
> (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances:
>
>> (3) At the debtor's place of employment, if the debt collector or collection agency knows or has reason to know that the debtor's employer prohibits the debtor from receiving such communication.

51. Defendant violated 225 ILCS 425/9.1(1) and 225 ILCS 425/9.2(a)(3).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Defendant for:

      (1)    Statutory damages;

      (2)    Actual damages;

      (3)    Punitive damages;

      (4)    Attorney's fees, litigation expenses and costs of suit; and

      (5)    Such other relief as the Court deems proper.

      Respectfully submitted,

      s/ Curtis C. Warner
        Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that the Warner Law Firm, LLC claims a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards. All rights relating to attorney's fees have been assigned to counsel.

      s/ Curtis C. Warner
        Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560

Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE TO DEFENDANT OF REQUEST FOR PRESERVATION OF EVIDENCE**

Please be advised that Plaintiff is demanding that Defendant preserve the following relevant evidence:

A. All voice recordings of the voice messages described in this Complaint;

B. All manuals and scripts that were in possession of the collector who left the voice messages described in this Complaint; and

C. The last known home address and home telephone number of the collector who left the voice messages described in this Complaint and to timely supplement such information under Rule 26(a)(1) if the collector is no longer employed by Defendant.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner    (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

# EXHIBIT A

**National Recovery Solutions, LLC**
PO BOX 322
Lockport, NY 14095-0322

Hours of Operation: 8am - 9pm EST Monday - Friday
8am - 5pm EST Saturday

Telephone: 1-888-863-5498

| REASON |
|---|
| CHASE BANK |

| ACCOUNT NUMBER | FILE NUMBER | AMOUNT DUE |
|---|---|---|
| ▮▮▮▮▮▮ | 217324 | ▮▮▮▮ |

January 13, 2010

Dear JAMES A MITCHEM,

This letter identifies National Recovery Solutions is in possession of the debt previously held by CHASE BANK At this time an outstanding balance in the amount of $▮▮▮▮▮ remains on the above-mentioned claim. The balance in full is now due.

You have thirty days in which to dispute the validity of the debt or any portion thereof.

**Please contact us at 1-888-863-5498** to make payment arrangements, or to discuss this matter further. You can also visit our website, www.nrsecurepay.com, and view the options available to resolving your account.

Sincerely,

Chris Cavese
Sr. Account Specialist

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Please note the return address (6341 Inducon Drive East, Sanborn, NY 14132) located on the front of this notice, is not the address of National Recovery Solutions, LLC. This address is for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send payments or correspondence to National Recovery Solutions, LLC, P.O. Box 322, Lockport, NY 14095

Please See Reverse Side For Additional Information

------------------- *Please detach and return bottom protion in the enclosed envelope with your payment* -------------------

6341 Inducon Drive East
Sanborn, NY 14132-9097

| IF PAYING BY CREDIT CARD, PLEASE COMPLETE THIS SECTION. | | |
|---|---|---|
| ☐ CARD NUMBER | | AMOUNT |
| ☐ VISA SIGNATURE | | EXP. DATE |
| CARDHOLDER NAME (Please Print) | | * CCID |

* CREDIT CARD ID # ON BACK OF CARD

| REASON |
|---|
| CHASE BANK |

| ACCOUNT NUMBER | FILE NUMBER | AMOUNT DUE |
|---|---|---|
| ▮▮▮▮ | 217324 | $▮▮▮ |

| AMOUNT ENCLOSED | $ |

R          *A-01-823-AM-00364-15

JAMES A MITCHEM



NATIONAL RECOVERY SOLUTIONS, LLC
PO BOX 322
LOCKPORT NY 14095-0322

Pursuant to the Gramm Leach Bliley Act 15 U.S.C.§6801 et. seq and Applicable Regulations, "Agency" is providing the following Privacy Notice on behalf of its customer:

## NATIONAL RECOVERY SOLUTIONS, LLC

## PRIVACY NOTICE

### INFORMATION COLLECTED

We collect nonpublic personal information about you from the following sources:

- Information we receive from you on applications or other forms;
- Information about your transactions with us, our affiliates, or others; and
- Information we receive from a consumer reporting agency.

### INFORMATION DISCLOSED

We may disclose the following kinds of nonpublic personal information about you:

- Information we receive from you on applications or other forms, such as your name, address, social security number, assets, and income:
- Information about your transactions with us, our affiliates, or others, such as your account balance, payment history, parties to transactions, and credit card usage; and
- Information we receive from a consumer reporting agency, such as your creditworthiness and credit history.

We may disclose all of the information that we collect, as described above.

We do not disclose any nonpublic personal information about debtors and former debtors to anyone, except as permitted by law.

### CATEGORIES OF AFFILIATES AND NON-AFFILIATED PARTIES TO WHOM INFORMATION IS DISCLOSED

We may disclose nonpublic personal information about you to the following types of third parties:

Attorneys, Court personnel, creditors.

We may also disclose, and do make disclosures of, nonpublic personal information about you to nonaffiliated third parties as permitted by law.

### POLICIES AND PRACTICES TO PROTECT CONFIDENTIALITY AND SECURITY OF INFORMATION

We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.